UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No.   8:22-cv-00310

JOSEPH KEAMMERER and
MELISSA MASON,

    Plaintiffs,

v.

BRIGHSTAR FINANCIAL GROUP, INC., d/b/a
CNAC,

    Defendant.
_____/

# FIRST AMENDED COMPLAINT

**NOW COME** Plaintiffs, JOSEPH KEAMMERER and MELISSA MASON (collectively "Plaintiffs"), by and through their undersigned counsel, complaining of Defendant, BRIGHTSTAR FINANCIAL GROUP INC., doing business as, CNAC as follows:

## NATURE OF ACTION

1.  This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et seq.*

1

## PARTIES

2. JOSEPH KEAMMERER ("Joseph") is a natural person, over 18-years-of-age, who at all times relevant resided in New Port Richey, Florida.

3. MELISSA MASON ("Melissa") is a natural person, over 18 years-of-age, who at all times relevant resided in New Port Richey, Florida.

4. Plaintiffs are "person[s]" as defined by 47 U.S.C. § 153(39).

5. Plaintiffs are "consumer[s]" as defined by Fla. Stat. § 559.55(8).

6. BYRIDER FINANCE, LLC d/b/a CAR NOW ACCEPTANCE COMPANY ("Defendant") is a company with its principal place of business at 2323 West Jefferson Street, Joliet, Illinois 60432.

7. Defendant offers in-house financing on used vehicles across the nation.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

10. At all times relevant, Joseph was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4012.

11. At all times relevant, Joseph's number ending in 4012 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12. At all times relevant, Joseph was financially responsible for his cellular telephone equipment and services.

2

13. At all times relevant, Melissa was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2365.

14. At all times relevant, Melissa's number ending in 2365 was assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

15. At all times relevant, Melissa was financially responsible for her cellular telephone equipment and services.

16. In or around 2018, Plaintiffs financed a 2005 Ford Escape ("Vehicle") through Defendant.

17. In purchasing the Vehicle, Plaintiffs entered into a Retail Installment Contract ("Contract") with Defendant to finance the purchase of the Vehicle.

18. The Contract required Plaintiffs to make bi-weekly payments.

19. For months, Plaintiffs made the payments required by the Contract.

20. At some point, suffering financial hardship, Plaintiffs started missing payments.

21. Soon thereafter, Defendant started calling Plaintiffs and sending Plaintiffs text messages in an effort to collect the missed payments.

22. In addition to contacting Plaintiffs on the cellular phones, Defendant is also contacting Melissa on her work phone.

23. On multiple occasions, Melissa answered Defendant's calls on both her personal cell phone and her work phone.

24. During each answered call, Melissa notified Defendant that she is unable to make payments at this time. Moreover, Plaintiff requested that Defendant cease its collection calls to her cellular phone, her work phone, and Josephs' cellular phone.

25. Additionally, Defendant placed pre-recorded messages to Melissa's work phone.

26. Despite Melissa's requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiffs' cellular phone and sending Plaintiffs text messages.

27. Melissa's request fell on deaf ears again and Defendant continued placing harassing collections calls to Plaintiffs (including text messages), including calls from the phone number (737) 203-8121, (727) 203-8453, and (767) 264-1107.

28. In total, Defendant placed no less than 12 harassing phone calls and text messages and to Plaintiffs after Melissa initially requested that Defendant cease contact with them.

## **DAMAGES**

25. Defendant's harassing phone calls and text messages have severely disrupted Plaintiffs' everyday lives and overall well-being.

26. Defendant's harassing calls, text messages, and pre-recorded messages have caused Plaintiffs damages, including, aggravation that accompanies frequent

unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, wear and tear to Plaintiffs' cellular phones and Melissa's work phone, temporary loss of use of Plaintiffs' cellular phones and Melissa's work phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiffs' cellular telephones and Melissa's work phone as a result of increased usage of Plaintiffs' telephone services, and wasting Plaintiffs' time.

27. Moreover, each time Defendant placed a telephone call to Plaintiffs, Defendant occupied Plaintiffs' cellular phone such that Plaintiffs were unable to receive other phone calls or otherwise utilize their cellular phones while their phones were ringing.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

28. Paragraphs 1-27 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. The TCPA defines ATDS as "equipment which has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

30. Upon information and belief, the system used by Defendant to place calls to Plaintiffs has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

31. Accordingly, the system employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

32. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 12 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiffs' cellular telephone and Melissa's work phone, utilizing an ATDS without Plaintiffs' consent.

33. As pled above, Melissa revoked consent to be called/texted on her cellular phone, her work phone, and Joseph's cellular phone on multiple occasions during answered calls.

34. As pled above, Plaintiffs were severely harmed by Defendant's collection calls to their cellular phones and Melissa's work phone.

35. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

36. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

37. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

38. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiffs are entitled to receive $500.00 in damages for each violation.

39. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiffs are entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiffs, JOSEPH KEAMMERER and MELISSA MASON, request the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II
**Violations of the Florida Consumer Collection Practices Act
(Fla. Stat. § 559.55 *et seq.*)**

40. Paragraphs 1 through 27 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

42. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiffs and leaving pre-recorded voicemails and text messages for Plaintiffs after Plaintiffs requested that the calls, text messages, and pre-recorded voicemails cease.

43. Defendant's incessant collection calls were placed with the intent to harass Plaintiffs and pressure Plaintiffs into making payment on the Vehicle.

44. Plaintiffs were harassed and abused by Defendant's incessant collection calls.

**WHEREFORE**, Plaintiffs, JOSEPH KEAMMERER and MELISSA MASON, request that this Honorable Court enter judgment in their favor as follows:

A. a finding that Defendant violated Fla. Stat. § 559.72(7);
B. an award of actual damages sustained by Plaintiffs as a result of Defendant's violations;
C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;
D. an award of court costs and reasonable attorney's fees incurred by Plaintiffs; and
E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Date: May 4, 2022

Respectfully submitted,

**JOSEPH KEAMMERER and MELISSA MASON**

**s/ Alexander J. Taylor**
Alexander James Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiffs*
**Sulaiman Law Group, Ltd.**
2500 S. Highland Ave., Ste 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com